IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00973-WDM-MEH

JONATHAN A. KASPER,

    Applicant,

vs.

AL ESTEP, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

# RECOMMENDATION FOR
# DENIAL OF SUPPLEMENTATION OF APPLICATION
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge**

    Applicant has filed a Motion to Supplement Habeas Application With Newly Exhausted Claims (Docket #36), in which he seeks to add to his currently pending Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Amended Application) two additional claims that he contends he has now fully and fairly presented to the Colorado state courts. Respondents oppose the Applicant's motion, arguing that the claims are procedurally barred. Based on the record contained herein, I **recommend** that the Applicant's motion be **denied**.

    The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## FACTS

Applicant is a state prisoner in Colorado, and he has pending in this Court a *pro se* Amended Application challenging his Colorado conviction for felony murder. On April 30, 2007, the Applicant filed his current motion requesting that he be allowed to supplement his Amended Application to include two additional claims which he contends he has now exhausted in the state courts: (1) that the jury was improperly instructed on the elements of burglary and felony murder under the case of *Auman v. People*, 109 P.3d 647 (Colo. 2005), in violation of his constitutional rights, and (2) Colorado's felony murder statute is unconstitutional as applied to him because the requisite intent, as determined in *Auman*, was not proven.

Respondents oppose the Applicant's request, arguing that on April 5, 2007, the Colorado Court of Appeals held that these claims were procedurally barred because they were successive. Since an independent and adequate state grounds provided the basis for the procedural bar in the state courts, Respondents contend that habeas review is barred in this Court as well. Applicant has filed

his reply, in which he argues that the Colorado Court of Appeals applied the wrong standard to his case and that he can demonstrate excuse for the successive claims.

Applicant proceeds in this action *pro se*. As a *pro se* litigant, Applicant's filings are entitled to liberal construction by this Court. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## **DISCUSSION**

The doctrine of procedural bar prohibits a federal court from considering a specific claim if the claim was denied in the state court on independent and adequate state procedural grounds. "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." *Id*. The procedural bar, as applied to Applicant's claims by the Colorado Court of Appeals, was an "adequate" state ground because the Colorado courts consistently decline to review claims which are contained in a second or successive post-conviction motion unless special circumstances exist. *See Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) (quoting Colo. R. Crim. P. 35(c)). Special circumstances do not exist in the Applicant's case.

First, the Colorado Court of Appeals found the Applicant's instructional argument to be an attempt to relitigate a claim previously made. *See* OPPOSITION TO MOTION TO SUPPLEMENT HABEAS APPLICATION WITH NEWLY EXHAUSTED CLAIMS, Docket #38, Attch'd opinion, p. 3. This Court does not review the state appellate court's finding to determine whether or not it is accurate or proper, because errors of state law do not provide grounds for federal habeas relief. *See Estelle v. McGuire*,

502 U.S. 62, 67-68 (1991). Relitigation of claims, even those based on a change of law, is specifically prohibited in post-conviction proceedings in Colorado, based on a standard which is routinely applied by the courts, *i.e.*, claims which raise the same grounds - even though proved by different factual allegations or supported by different legal arguments - are successive, particularly if the applicant can be held to have known of the governing legal standard. *See People v. Rodriguez* 914 P.2d 230, 249 (Colo. 1996) (an argument raised on post-conviction motion that does not exactly duplicate an issue previously raised on appeal will be precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived theory); *see also People v. Allen*, 843 P.2d 97 (Colo. Ct. App. 1992), *rev'd on other grounds*, 868 P.2d 379 (Colo. 1994) (reviewing a timely second post-conviction motion because the defendant did not know of the changed legal standard).

Next, the state appellate court found that both claims could have been raised in earlier post-conviction motions, and are therefore successive. Applicant argued that based on ineffective assistance of counsel, the claims were not raised. Ineffective assistance of counsel in post-conviction proceedings may warrant consideration of a successive post-conviction motion. *See, e.g., Silva v. People*, 2007 WL 1175826 (Colo. 2007); *People v. Hickey* 914 P.2d 377, 379 (Colo.Ct.App. 1995). However, counsel is not required to raise on appeal every nonfrivolous issue a defendant desires to raise. *See Rodriguez*, 914 P.2d at 303 (rejecting claim that appellate counsel rendered ineffective assistance by failing to raise all available issues on appeal). The Colorado Court of Appeals essentially found that the new claims the Applicant was seeking to exhaust had essentially been raised previously:

> The instructional argument [Applicant] made in his motion is similar to the argument that was rejected on direct appeal. . . . To the extent [Applicant's] constitutional challenge to the felony murder statute is different from his claim that the jury instructions were flawed . . . .

OPPOSITION TO MOTION TO SUPPLEMENT HABEAS APPLICATION WITH NEWLY EXHAUSTED CLAIMS, Docket #38, Attch'd opinion, p. 3.

Applicant's bare allegation of failure to assert the additional claims would not overcome the presumption that post-conviction counsel's choice was the result of a strategic election within the wide range of professionally competent assistance. *See Jones v. Barnes* 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Accordingly, the procedural bar, as applied to Applicant's claims by the Colorado Court of Appeals, was an "adequate" state ground constituting a procedural bar.

Additionally, the bar imposed by the state district court was an "independent" ground because Applicant's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." *Maes*, 46 F.3d at 985. Therefore, this Court is procedurally barred from considering the Applicant's claim under the new allegations he presents unless he can demonstrate "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The determination of cause and prejudice and of fundamental miscarriage of justice are both matters of federal law. *Murray v. Carrier*, 477 U.S. 478, 489 (1984)

An applicant must first show "cause" for a failure to raise the legal claim in an earlier application. This can be demonstrated by showing that efforts to raise the claim at earlier stages were

"impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). The standard is an objective one, asking not what a particular attorney or *pro se* applicant actually knew but whether the claim was "reasonably available" upon diligent inquiry. *Id.* at 494, 496.

When, as Applicant does here with both new claims that he proffers under the *Auman* decision, an applicant claims that controlling law has changed after earlier review has been completed, the applicant may be able to demonstrate that the new legal claim was "not reasonably available" under previous law. Cause, however, is not automatically established by the fact there has been a change in the law. In addition to the change in the law, an applicant "also must show that he or his attorney reasonably should not have been aware of the possibility or legal basis for such a claim." *Coleman v. Saffle*, 869 F.2d 1377, 1380-81 (10th Cir. 1989). If "a constitutional claim is so novel that its legal basis is not reasonably available to counsel" prior to the change in law, then cause is indeed demonstrated. *Reed v. Ross*, 468 U.S. 1, 16 (1984). In Applicant's case, the Colorado Court of Appeals found that "the Auman court applied a principle announced in 1997," citing to the case of *People v. Bornman*, 953 P.2d 952 (Colo.App. 1997). *See* OPPOSITION TO MOTION TO SUPPLEMENT HABEAS APPLICATION WITH NEWLY EXHAUSTED CLAIMS, Docket #38, Attch'd opinion, p. 3. In *Bornman*, the state appellate court held that a jury instruction on theft must apply the "knowingly" mens rea element to the "acted without authorization" element. *Id.* 953 P.2d at 953. In this federal habeas case, Applicant argues his conviction is unconstitutional because the jury was not properly instructed on the element of intent which was applicable for his felony murder conviction through the underlying offenses of theft and burglary upon which it relies. Based on the law as set

6

forth in *Bornman*, the claims the Applicant seeks to add to his Amended Application were reasonably available under law previous to *Auman*. Additionally, the constitutional argument presented by the Applicant is not novel. Accordingly, the *Auman* decision does not provide "cause" for a failure to raise his claims in an earlier application.

In his state court proceedings, the Applicant argued that ineffective assistance of appellate counsel in his earlier post-conviction motions provided a basis for excuse of his successive motions and it appears, he raises the same argument before this Court. While this argument may provide excuse for the filing of a successive post-conviction motion in state court, *see Silva v. People*, 2007 WL 1175826 (Colo. 2007), ineffective assistance of counsel in post-conviction proceedings does not constitute cause under federal law, s*ee Coleman*, 501 U.S. at 757 ("Because [applicant] has no [federal constitutional] right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas."); *cf. Silva*, 2007 WL 11758 at *3 ("[W]e reiterate that there is no constitutional right to post-conviction counsel under either the United States Constitution or the Colorado Constitution."). Since the Applicant cannot establish cause, there is no need to examine whether actual prejudice exists, because both requirements must be met.

As far as whether the Applicant can demonstrate a "fundamental miscarriage of justice," the record does not demonstrate that a miscarriage of justice may result if this Court does not hear these proposed claims. To make such a showing, Applicant must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

> To be credible, such a claim requires [an applicant] to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

No such evidence is apparent from the record and Applicant presents none under this motion. Accordingly, the Applicant's new claims are procedurally barred and this Court is precluded from reviewing the same.

## CONCLUSION

Based upon the foregoing analysis, and the entire record herein, it is hereby **recommended** that Applicant's Motion to Supplement Habeas Application with Newly Exhausted Claims [Filed April 30, 2007; Docket #36] be **denied**.

Dated at Denver, Colorado, this 23rd day of May, 2007.

> BY THE COURT:
>
> s/ Michael E. Hegarty
> Michael E. Hegarty
> United States Magistrate Judge