IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00973-WDM-MEH

JONATHAN A. KASPER,

    Applicant,

v.

AL ESTEP, LC.F. Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendations (doc nos 32 and 42) of Magistrate Judge Michael E. Hegarty that the petition for writ of habeas corpus be denied and that Applicant's Motion to Supplement Habeas Application With Newly Exhausted Claims (doc no 36) also be denied. Also at issue is Applicant's appeal of Magistrate Judge O. Edward Schlatter's minute order (doc no 26) denying Applicant a stay of his habeas application. Applicant Jonathan A. Kasper (Kasper) filed timely objections to the recommendations. 28 U.S.C. §§ 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the petition, the answer filed by respondents Al Estep and the Attorney General of Colorado (Respondents), the motion to supplement, motion for stay, and the corresponding briefs, recommendations, order, and objections. I conclude that the recommendations should be accepted and the minute order should be affirmed.

1.      Amended Petition for Writ of Habeas Corpus

The pertinent facts underlying this case are set forth in the recommendation. In short, after police discovered Kasper's fingerprint in the home of a neighbor who had been murdered, they called Kasper's mother and requested an interview with him and others at the home. They told Kasper's mother that they were interviewing all neighbors as witnesses. In the initial interview with Kasper, the officers did not disclose that they had the fingerprint evidence and asked him if he had ever been in the neighbor's home. Kasper denied ever being in the home. After questioning Kasper for approximately 30 minutes, the police left and obtained an arrest warrant. He was arrested and given *Miranda* warnings. After being confronted with the fingerprint evidence and his inconsistent statement, he made a confession which was used against him at trial. At trial, his counsel attempted to suppress the pre-*Miranda* statements on the grounds that Kasper had been under the influence of drugs and so his statements were not voluntary. The issue was not addressed in his direct appeal.

Kasper was represented by counsel in a post-conviction motion. In that proceeding, he claimed ineffective assistance of counsel based on trial counsel's failure to raise Fourth and Fifth Amendment challenges to the statements made in the initial interview. Specifically, Kasper argued that the police had deceived Kasper and his mother about the purpose of the interview and so had gained entry into the home in violation of the Fourth Amendment, had subjected him to a custodial interrogation without administering *Miranda* warnings, that the statements made in the initial interview were involuntary, and therefore, that trial counsel had been ineffective for failing to present these grounds for suppression.

2

The trial court held a hearing and determined that the entry had not been improper, that Kasper was not "in custody" for the purposes of *Miranda*, and that his statements were voluntary. The Colorado Court of Appeals affirmed the trial court's decision.

Kasper raised four claims in his petition: (1) ineffective assistance of counsel based on trial counsel's failure to "diligently investigate, prepare and present all relevent [sic] material evidence available"; (2) the initial interview was a custodial interrogation without a *Miranda* advisement; (3) his statements were not voluntary under the Fifth Amendment; (4) the detectives obtained entry in his home using deception, thus violating his Fourth Amendment rights.

The recommendation concludes that the first claim is unexhausted and procedurally barred as successive, the fourth claim may or may not be exhausted but is barred by *Stone v. Powell*, 428 U.S. 465 (1976), which prohibits raising Fourth Amendment claims in habeas corpus applications as long as the applicant had an "opportunity for full and fair consideration" of the issue in state court, and that the state court did not unreasonably apply clearly established federal law or unreasonably determine the facts as to the second and third claims.

In his objection, Kasper seeks to stay his entire petition on the grounds that his unexhausted claims are not defaulted and because his second and third claims were not actually litigated in the state court. I disagree that Kasper has remedies in the state court and, moreover, agree with Magistrate Judge Hegarty that his second and third claims were properly addressed in the state courts.

In the recommendation, Magistrate Judge Hegarty determined that Claim One,

asserting that trial counsel generally failed to prepare, was broader than what Kasper had presented in his post-conviction motion–i.e., that trial counsel had failed to provide all legal grounds for suppression. Therefore, Magistrate Judge Hegarty concluded that the first claim had not been exhausted. Kasper objects, arguing that this claim should be read as a claim that trial counsel "failed to adequately investigate, prepare and present a challenge to the illegal non-consensual entry to question Applicant." However, he appears to recognize that if the claim is so construed, he cannot show that this would be a basis for finding that counsel was ineffective. It appears from Kasper's objections that he has abandoned the claim that his trial counsel was ineffective because of a general failure to investigate and prepare.

Magistrate Judge Hegarty determined that the fourth claim was barred under *Stone.* Kasper raises no specific objections to this conclusion but simply requests that the entire application not be dismissed with prejudice. Because Kasper has identified no error in the disposition of this claim, I agree with Magistrate Judge Hegarty that dismissal of this claim with prejudice is appropriate.

In his objection to the recommendation as to the second and third claim, Kasper asserts that these two claims were not fully and fairly litigated in the state courts. He requests withdrawal of these claims in order to present them to the state court, along with another claim that was pending at the time of the recommendation.[1]

I disagree with Kasper that his Fifth Amendment claims were not fully litigated in the state court. Although the issue presented in the post-conviction motion was ineffective

---

[1]The pending state court claim has since been addressed, as discussed below.

4

assistance of counsel, the merits of the underlying Fifth Amendment bases for suppressing Kasper's pre-*Miranda* statements were fully briefed. As a predicate to finding that trial counsel was not ineffective, the trial court had to determine that the Fifth Amendment arguments would not have succeeded as grounds for suppressing the statements. The court held an evidentiary hearing on the issue and an appeal was taken. The trial court found that Kasper was not in custody and his statements were voluntary; these conclusions were affirmed by the Colorado Court of Appeals. As noted in the recommendation, it appears that the trial court applied the proper standard for determining these issues. I agree with Magistrate Judge Hegarty that the factual findings of the state courts are not unreasonable in light of the evidence presented and the conclusions do not contravene or unreasonably apply clearly established federal law.

Kasper's other objections essentially reargue the Fifth Amendment issues and request a different outcome. I have reviewed *U.S. v. Griffen*, 922 F.2d 1343, 1346 (8th Cir. 1990), which also involved an interview of a suspect in his home. However, I conclude that the facts of *Griffen* are distinguishable from those here and do not demonstrate that the state courts unreasonably applied clearly established law or that the factual findings were unreasonable. Similarly, I have reviewed *Missouri v. Seibert*, 124 S. Ct. 2601 (2004), which involved a custodial interrogation of a suspect, followed by a break of 20 minutes and a *Miranda* warning, then a resumption of the interrogation using the same questions as had been asked in the previous interview. The Supreme Court held that the interval did not cure the taint of the initial illegal interview. Here, however, it was not unreasonable for the trial court to find that Kasper was not in custody when first interviewed, which makes

*Seibert* inapplicable. Accordingly, the objections are overruled and Kasper is not entitled to relief on his second and third claims.

2.      Motion to Supplement Habeas Application (doc no 36)

Kasper moved to supplement his application with two claims which he argued were newly exhausted in the state courts: (1) the jury was improperly instructed on the elements of burglary and felony murder under *Auman v. People*, 109 P.3d 647 (Colo. 2005); (2) Colorado's felony murder statute is unconstitutional as applied to him because the requisite intent was not proven. He also argued that his post-conviction counsel was ineffective for failing to raise these claims. The recommendation determined that since the Colorado Court of Appeals had held that these claims were procedurally barred as successive, habeas review was also barred because the state court's denial was on independent and adequate state procedural grounds. In addition, Kasper had not shown cause for the default or that a fundamental miscarriage of justice would result if the claims were not heard.

In his objection, Kasper first argues that the Colorado Court of Appeals erred in determining that he could not raise a claim of ineffective assistance of post-conviction counsel. After the decision was issued, the Colorado Supreme Court recognized a limited state statutory right to effective assistance of post-conviction counsel. *Silva v. People,* 156 P.3d 1164 (Colo. 2007). However, this does not alter the well-established rule that ineffective assistance of post-conviction counsel is not a violation of federal constitutional law. *Coleman v. Thompson*, 501 U.S. 722, 727 (1991). Therefore, *Silva* does not provide a claim for habeas corpus relief or cause for failure to raise a claim in an earlier

6

application. Because Kasper asserts that the state court's determination of procedural default is in error because of a misapplication of state law, he cannot prevail on this claim. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States).

Kasper also argues that the Colorado Court of Appeals and Magistrate Judge Hegarty erred in concluding that his claims based on *Auman* were barred. The Colorado Court of Appeals held that Kasper was barred from raising instructional error and constitutional error because he previously raised the same instructional error argument in his direct appeal, because any such claims were barred by a Colorado statute prohibiting relitigation of a claim based on a change of law once a judgment of conviction has been affirmed on appeal, and because, to the extent these claims were not previously raised, the principle relied on in *Auman* had been announced in a 1997 case, *People v. Borman*, 953 P. 2d 952 (Colo. App. 1997). Magistrate Judge Hegarty also concluded that the *Auman* decision did not announce a new principle of law and therefore did not provide cause for Kasper's failure to raise his claims to the state courts in earlier proceedings.

I have reviewed the *Auman* decision and agree with Magistrate Judge Hegarty that the opinion did not announce a new principle of law but rather, with respect to the instructional issue, applied previously existing case and statutory law to the facts of that case. Accordingly, to the extent Kasper did not already raise these claims in his direct appeal, he could have included them in earlier proceedings and so has not demonstrated cause for his failure to prevent the procedural default.

3.      Motion to Stay Habeas Application (doc no 21)

Kasper requests in nearly all his motions and objections that the petition be stayed instead of dismissed with prejudice. Because none of Kasper's claims are viable, a stay of his petition is not appropriate.

Accordingly, it is ordered:

1. The recommendations issued by Magistrate Judge Hegarty (doc nos 32 and 42) are accepted.

2. The petition for writ of habeas corpus filed May 31, 2005 (doc no 2) is dismissed with prejudice.

3. Magistrate Judge Schlatter's order (doc no 26) denying Applicant's Motion to Stay Habeas Application to Allow Applicant to Return to State Courts to Exhaust Newly Discovered Claim (doc no 21) is affirmed.

4. Applicant's Motion to Supplement Habeas Application with Newly Exhausted Claims (doc no 36) is denied.

DATED at Denver, Colorado, on June 25, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge